### JIM BOWDEN v. THE STATE.

No. 3412.    Decided February 3, 1915.

Rehearing denied March 10, 1915.

#### 1.—Murder—Objections to Charge of Court—Article 743.

Under the recent statute, in order usually to have errors in the charge of the court reviewed, proper steps must be taken to call these matters to the attention of the court before the charge is read to the jury.

#### 2.—Same—Sufficiency of Evidence—Objections to Charge.

Where the objections to the charge of the court were not presented to the court as required by law, and the evidence was sufficient to sustain a conviction, there was no reversible error.

Appeal from the District Court of Walker. Tried below before the Hon. S. W. Dean.

Appeal from a conviction of murder; penalty, forty years imprisonment in the penitentiary.

The opinion states the case.

*M. E. Gates* and *L. C. Kemp* and *W. W. Meachum, Jr.*, and *McDonald Meachum*, for appellant.—On question of judicial construction of recent Act of Legislature to present objections to charge before the same is read to the jury: Black v. State, 41 S. W. Rep., 606; Roe v. State, 8 S. W. Rep., 463; Byrd v. State, 69 Texas Crim. Rep., 35, 151 S. W. Rep., 1068; Bogan v. State, 17 S. W. Rep., 1087.

On question of fundamental error: Hollywood v. Wellhausen, 68 S. W. Rep., 331; Laredo v. Russel, 56 Texas, 398.

On question of fair trial: 19 Cyc., 311.

*C. C. McDonald*, Assistant Attorney General, and *Hill & Elkins* and *Dean, Humphrey & Powell*, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of murder, his punishment being assessed at forty years confinement in the penitentiary.

The record is before us without bills of exception. Some exceptions are noted in the motion for new trial to the charge of the court. These matters were not called to the attention of the court before the charge was read to the jury, and the errors assigned on the charge are not of a sufficient nature to require a reversal. Under the recent statute in order usually to have errors in the charge, or supposed errors, reviewed, proper steps must be taken to call these matters to the attention of the court before the charge is read to the jury. This is not claimed to have occurred. The evidence, we think, is sufficient to support the conviction, but we deem it unnecessary to recapitulate this testimony. It is of no particular value to the profession or to the courts.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE.—On rehearing: Majority of the court decides the case ought to be affirmed. I have followed their decisions in writing the original opinion. At some time I will write fully on the recent Act of the Legislature with reference to charges, and what was intended by that Act with reference to exceptions to the charge, their force and effect.